IN THE UNITED STATED BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
NOV - 8 2010
U.S. BANKRUPTCY COURT
BY_____ DEPUTY

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARCUS A. GARZA, | § | CASE NO. 10-52576-rbk |
| | § | |
| Debtor | § | |
| | § | |
| DEALER SERVICES CORPORATION, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| MARCUS A. GARZA, | § | Adv. Pro. No. 10-5110 |
| A/K/A MARCUS ANTONIO GARZA, | § | |
| | § | |
| Defendant | § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW MARCUS A. GARZA, Debtor and Defendant herein, and files this his Original Answer to Plaintiff's Complaint to Determine Dischargeability of a Debt and would respectfully show this Honorable Court as follows:

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant clarifies the allegations contained in paragraph 5 of Plaintiff's Complaint. The contract was an adhesion contract with no meeting of the minds, was not negotiated nor was Defendant given an opportunity to have counsel review such contract.

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint. Defendant did not have an office at the relevant dealership and employed a general and finance manager to run the day to day operations. In addition, Defendant had four other businesses which precluded his involvement in the day to day operation of the dealership.

8. Defendant clarifies the allegations contained in paragraph 8 of Plaintiff's Complaint. DSC originally granted Defendant a line credit in the amount of Two Hundred Thousand and no/100 Dollars ($200,000).

9. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint. The contract was an adhesion contract without a meeting of the minds that was not negotiated nor was Defendant given an opportunity to have counsel review such contract.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint. Defendant was not a party to the filing of said security interest and requires strict proof of the perfection of the security interest.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant admits, denies and/or clarifies allegations contained in paragraph 12 of Plaintiff's Complaint in the same manner that said allegations were answered by reference to the allegations of paragraphs 1 through 11.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint. On or about November 8, 2008 DSC forced the sale of the automobiles referenced in this paragraph by and through auctioneer, IHO Auto Auctions. In said auction, DSC failed to set and obtain good and fair value for said automobiles. The lack of fair and good value for the sale of the automobiles

resulted in a negative balance for Defendant.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint. Dealer does not know if the automobiles sold to customers who purchased via financing have completed payment on said automobiles and there is not way to know if these customers have defaulted.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint. The balance came about because the automobiles were sold at a discount rate for less than was owed on the automobile to DSC.

18. Defendant cannot confirm or deny the allegations contained in paragraph 18 of Plaintiff's Complaint. Defendant does not have access to the records needed to answer these allegations.

19. Defendant admits the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint. Not all items of inventory were required to be held in trust. Only the automobiles that were financed through DSC were required to be held in trust.

21. Defendant admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint. Defendant did not have an office at the relevant dealership and employed a general and finance manager to run the day to day operations. In addition, Defendant had four other businesses which precluded his involvement in the day to day operation of the dealership.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint. Defendant did not have an office at the relevant dealership and employed a general and finance

manager to run the day to day operations. In addition, Defendant had four other businesses which precluded his involvement in the day to day operation of the dealership.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint. The allegation calls for a conclusion that Defendant requires strict proof of and denies pursuant to the above paragraphs.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint. The contract was an adhesion contract with no meeting of the minds that was not negotiated nor was Defendant given an opportunity to have counsel review such contract.

27. Defendant denies in part and clarifies in part the allegations contained in paragraph 27 of Plaintiff's Complaint. Defendant was only required to hold sale proceeds for units that were financed through DSC.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint. Defendant did not use sale proceeds for other purposes and requires strict proof and clarification of what said "other" purposes alleged means.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint. Defendant. Defendant is not liable for defalcation within the meaning of 11 U.S.C. § 523(a)(4) for the sums alleged in this paragraph for the reasons stated in the above paragraphs.

30. Defendant admits, denies and/or clarifies allegations contained in paragraph 30 of Plaintiff's Complaint in the same manner that said allegations were answered by reference to the allegations of paragraphs 1 through 29.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint. Defendant was not a party to the filing of said security interest and requires strict proof of the perfection of the security interest.

32. Defendant clarifies the allegations contained in paragraph 32 of Plaintiff's Complaint. Defendant was aware of DSC's security interest but only as to any automobiles directly financed by DSC.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint. Defendant did not have an office at the relevant dealership and employed a general and finance manager to run the day to day operations. In addition, Defendant had four other businesses which precluded his involvement in the day to day operation of the dealership.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint. The proceeds from the sales were distributed according to DSC's own discretion in order to satisfy the collected balance.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint. Defendant did not know that Dealer was in financial distress. Defendant also requires a clarification of what is meant by "financial distress."

36. Defendant admits the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint. Defendant did pay sale proceeds otherwise DSC would not have transferred title.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint. Defendant's actions were not deliberate.

39. Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint. Defendant believed that DSC would continue to keep the line of credit open as was negotiated.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint. Defendant did not fail to pay them as Defendant gave DSC the proceeds from the sale.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

The allegation calls for a conclusion that Defendant requires strict proof of and denies pursuant to the above paragraphs.

42.   Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint. Defendant's debt did not result in willful or malicious injury to DSC and is not precluded from discharge by virtue of 11 U.S.C. § 523(a)(6) for the reasons stated in the above paragraphs.

43.   Defendant admits, denies and/or clarifies allegations contained in paragraph 43 of Plaintiff's Complaint in the same manner that said allegations were answered by reference to the allegations of paragraphs 1 through 42.

44.   Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint. Defendant was not a party to the filing of said security interest and requires strict proof of the perfection of the security interest. Furthermore, Defendant denies the validity of the real estate lien in question. DSC's real estate lien is in violation of their agreement. The real estate lien was provided to DSC in order to keep the DSC line of credit with Dealer. After the lien was provided to DSC they intentionally breached this agreement by closing the Dealer's line of credit.

45.   Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint. Defendant provided DSC with all proceeds after the sale of the real estate taking into account prior lien holders. This substantially reduced the debt owed to DSC.

46.   Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint. Defendant provided DSC with all proceeds after the sale of the real estate taking into account prior lien holders. This substantially reduced the debt owed to DSC.

47.   Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint. Defendant provided DSC with all proceeds after the sale of the real estate taking into account prior lien holders. This substantially reduced the debt owed to DSC.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint. Defendant provided DSC with all proceeds after the sale of the real estate taking into account prior lien holders. This substantially reduced the debt owed to DSC. Defendant was not aware that the lien was recorded. Furthermore, DSC had not right to a lien because DSC failed to perform their obligations under the agreement to keep the line of credit open for the benefit of Dealer and any lien held by DSC was void or voidable. Also, Defendant has no actual or constructive notice that the lien was recorded as Defendant performed a title search of the property prior to the sale of the real estate.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint. Defendant provided DSC with all proceeds after the sale of the real estate taking into account prior lien holders. This substantially reduced the debt owed to DSC. Defendant was not aware that the lien was recorded. Furthermore, DSC had not right to a lien because DSC failed to perform their obligations under the agreement to keep the line of credit open for the benefit of Dealer and any lien held by DSC was void or voidable. Also, Defendant has no actual or constructive notice that the lien was recorded as Defendant performed a title search of the property prior to the sale of the real estate.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint. Defendant's action did not result in a willful or malicious injury to DSC for the reasons stated in the above paragraphs.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint. Defendant's action did not result in a willful or malicious injury to DSC for the reasons stated in the above paragraphs. Therefore, defendants debt is dischargeable and not within the meaning of 11 U.S.C. § 523(a)(6).

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint. DSC is not entitled to attorney fees and costs pursuant to the loan documents or state statute for the

reasons stated in the above paragraphs.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this honorable court issue an Order denying the relief sought in Plaintiff's Complaint, that Defendant recover the costs of court, attorney's fees, and that defendant be granted such other and further relief as Defendant may be entitled to in law or in equity, as is just and proper and to which Defendant may show himself rightfully entitled.

Respectfully submitted,

Law Office of Jason E. Galvan
924 McCullough Avenue
San Antonio, Texas 78215
(210) 927-3412
(210) 921-0430 facsimile
Email: jgalvanlaw@yahoo.com


By: /s/ ***Jason E. Galvan***
    Jason E. Galvan
    Texas Bar Number: 24038371
    Attorney for Defendant


CERTIFICATE OF SERVICE

I hereby certify that true and correct copy of the foregoing Defendant's Original Answer to Plaintiff's Complaint to determine Dischargeability of debt was hand delivered to the Debtor, deposited in an official depositary of the United States Postal Service, postage pre-paid this 8th day of November, 2010, properly addressed to John W. Harris, Attorney for Complainant, and served via electronic means as listed on the Court's ECF noticing system to the trustees listed below on the 8th day of November 2010.

Marcus Garza
One Byron Nelson
San Antonio, TX 78253

Johnny Thomas, Trustee
1153 E Commerce St
San Antonio, TX 78205

United States Trustee
P.O. Box 1539
San Antonio, TX 782195-1539

John W. Harris
Frost Bank Tower, Suite 1452B
100 W. Houston Street
San Antonio, TX 78205-1418

/s/ *Jason E. Galvan*
Jason E. Galvan