

Signed July 28, 2011.

_____
Ronald B. King
United States Chief Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-52576-rbk |
| | § | |
| MARCUS A. GARZA, | § | CHAPTER 7 CASE |
| DEBTOR. | § | |

| | | |
|---|---|---|
| DEALER SERVICES CORPORATION, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | ADVERSARY NO. 10-05110 |
| | § | |
| MARCUS A. GARZA, | § | |
| Defendant. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above styled and numbered Adversary Proceeding having come before this court for its consideration, and the court having considered the file, record, history of the case and the various motions, exhibits and orders filed herein, as well as arguments of counsel hereby enters the following findings of fact and makes the following conclusions of law in accordance with

1

Rule 52 of the Federal Rules of Civil Procedure made applicable to this Adversary Proceeding by Rule 7052 of the Rules of Bankruptcy Procedure,[1] as follows:

## I. FINDINGS OF FACT

1. Defendant filed for relief under Chapter 13 of the Code on March 2, 2010, in Case No. 10-50838rbk, but the case was dismissed on March 24, 2010 with entry of the Court's "Order for Summary Dismissal of Chapter 13 Case", which provided that dismissal of the case was based on the Defendant's failure to file a plan and schedules. On July 6, 2010 ("Petition Date"), Defendant filed his voluntary petition for relief under Chapter 7 of the Code and Johnny W. Thomas was appointed as Trustee for the estate pursuant to §701 of the Code. Defendant's §341 First Meeting of Creditors, originally set on August 10, 2010, was reset from month-to-month and finally completed on May 13, 2011 after the Defendant filed his amended Schedules of Assets and Liabilities and Statement of Financial Affairs on or about April 21, 2011.

2. Pre-petition, Plaintiff had obtained a judgment against Defendant for Ninety-Seven Thousand, Eight Hundred Forty-Five and 74/100 Dollars ($97,845.74), plus interest, costs, expenditures, fees and expenses (the "Judgment Amount"), as more fully described in that judgment entered against Defendant by the Marion Superior Court for the County of Marion in the State of Indiana in Cause Number 49D07-0811-CC-050488 on January 23, 2009 (the "Judgment"). The Judgment was the subject of that "Motion for Relief from the Stay Against Real and Personal Property and to Allow Suit in State Courts" [DOC. NO. 37] filed by Plaintiff in the Chapter 7 case and was attached to the motion as Exhibit "F". A copy of the Judgment is attached hereto as **Exhibit "A"**. In the belief that a significant portion of the Judgment was non-dischargeable under §523 of the Code, on October 9, 2010, Plaintiff filed its "Complaint to Determine Dischargeability of a Debt" asserting a claim against Defendant, Marcus A. Garza in the amount of Forty-Seven Thousand, Five Hundred Nineteen and 88/100 Dollars ($47,519.88), as itemized in Exhibit "D" to the Complaint, and attached hereto as **Exhibit "B"**, for (i) defalcation while acting in a fiduciary capacity under §523(a)(4), being Count I of the Complaint, and for (ii) willful and malicious injury to Plaintiff and Plaintiff's interests in its property under §523(a)(6), being Count II of the Complaint. Plaintiff also asserted in Count III of the Complaint a claim for willful and malicious injury to Plaintiff and Plaintiff's interests in its

---

1. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

2

property under §523(a)(6) regarding a mortgage it held on real estate but in an unspecified amount. Defendant filed his "Defendant's Original Answer to Plaintiff's Complaint to Determine Dischargeability of a Debt" on November 8, 2010.

3. Plaintiff has asserted it served Initial Disclosures and an amendment thereof on Defendant, but asserts that the Defendant has not served Initial Disclosures upon Plaintiff as is required by Local Rule 7026 (a).

4. On December 23, 2010, Plaintiff asserts it served through hand delivery, its "Plaintiff's Interrogatories for Marcus A. Garza" ("Interrogatories"), its "Request for Production of Documents" ("Requests for Production") and its "Plaintiff's First Request for Admissions Served on Defendant Marcus A. Garza" on the Defendant.

5. According to Plaintiff in its pleadings, Plaintiff had discussions and reached agreement with Defendant's counsel on January 21, 2011, with respect to a reset of a deposition of Defendant noticed for January 19, 2011 to February 4, 2011. On February 3, 2011, Defendant's counsel requested the February 4, 2011 deposition be postponed to February 23, 2011. Pursuant to Plaintiff's counsel's email to Defendant's counsel, Plaintiff's counsel agreed to reset the deposition on condition that Defendant respond to Plaintiff's written discovery at least three (3) days prior to the February 23, 2011 deposition date. It appears that Defendant's counsel agreed to the terms by return email. According to Plaintiff, when Defendant failed to provide his responses to the written discovery prior to the February 23, 2011 deposition, Plaintiff's counsel emailed Defendant's counsel notifying counsel he was resetting the deposition to March 2, 2011, but also demanding that the responses to the outstanding written discovery be delivered by no later than 10:00 A.M. on Friday, February 25, 2011, and advising that if the deadline was not met, Plaintiff's counsel was going to seek appropriate sanctions, rulings and remedies before this Court regarding the outstanding discovery. See EXHIBIT B [EMAIL MESSAGES] to "Motion of Plaintiff to Compel Discovery Responses" [DOC. NO. 14]. Plaintiff asserts that the Defendant did not serve his written responses by the 10:00 A.M., Friday, February 25, 2011deadline. The Defendant's written responses, dated February 28, 2011, were finally delivered to Plaintiff's counsel but during the week following the Friday, February 25, 2011 deadline.

6. On March 24, 2011, DSC filed its "Motion to Deem as Admitted Matters Set Forth in Plaintiff's First Request for Admissions Served on Defendant Marcus A. Garza" [DOC. NO.

15]. The Defendant did not respond to the motion or otherwise contest the relief it requested and, in accordance with Local Rule 7016(b), on April 20, 2011 the court entered its "Order on Motion to Deem as Admitted Matters Set Forth in Plaintiff's First Request for Admissions Served on Defendant Marcus A. Garza" [DOC. NO. 18] deeming Plaintiff's requests admitted.

7. On March 24, 2011, Plaintiff filed its "Motion of Plaintiff to Compel Discovery Responses" ("Motion to Compel") (DOC. NO. 14) regarding Defendant's objections and inadequate responses to Plaintiff's "Plaintiff's Interrogatories for Marcus A. Garza" ("Interrogatories") and its "Request for Production of Documents" ("Requests for Production") which Plaintiff had served upon Defendant. Defendant did not respond or otherwise contest the Motion to Compel. On April 21, 2011, the court entered its "Order Granting Plaintiff's Motion to Compel Discovery Responses" (DOC. NO. 17) ("Order Compelling Discovery"), which overruled Defendant's objections and directed Defendant to respond fully and completely in accordance with the Rules to Plaintiff's Interrogatories and its Requests for Production. Plaintiff had previously served on Defendant its "Notice of Intent to Conduct Oral Deposition of Marcus A. Garza" which was to be conducted after Defendant had complied with the terms of the Order Compelling Discovery and responded to the Interrogatories and the Requests for Production.

8. On April 28, 2011, counsel for Plaintiff commenced a series of emails to counsel for the Defendant requesting, among other matters, that they discuss and coordinate compliance with the Order Compelling Discovery. See EXHIBIT B Email Messages to "Motion of Plaintiff for Discovery Sanctions" [DOC. NO. 24]. Except for an email response by Defendant's counsel on April 28, 2011 advising that he would call Plaintiff's counsel on Friday the 29th of April to discuss the discovery matters, Plaintiff's counsel asserts that he did not receive any further correspondence or communication from Defendant's counsel in spite of email requests and demands made to Defendant's counsel on May 10 and May 17, 2011.

9. On May 28, 2011, Plaintiff filed and served on Defendant's counsel, its "Motion of Plaintiff for Discovery Sanctions" [DOC. NO. 24] ("Motion for Discovery Sanctions"), which was set for hearing on June 20, 2011. Defendant had not responded to the motion within the fourteen (14) day period as required by Local Rule 7016(b) of the Local Rules of the Western District of Texas. The Defendant and counsel did not appear but an attorney, not involved in this matter, appeared on their behalf and requested a continuance on their behalf, and the court reset the hearing on the to June 23, 2011. At the hearing on the Motion for Discovery Sanctions,

counsel appeared for Defendant and presented argument at the hearing against the motion, following which the court entered its order granting the relief requested by Plaintiff in the Motion for Discovery Sanctions. The court also considered at the hearing on June 23, 2011, the Plaintiff's "Offer of Proof (Deposition Excerpts)", and counsel appearing for Defendant stipulated on the record to the sum of $20,380.00 as set forth in the "Offer of Proof (Deposition Excerpts)" at which time the court admitted the deposition excerpt into evidence in this case by order of the court.

10. Although aware of the Order Compelling Discovery and its terms, Defendant has made no effort to comply with its terms.

11. The delay occasioned by the inability of Plaintiff to engage in discovery and complete discovery has resulted in two (2) successive amendments of the scheduling order entered for this Adversary Proceeding.

12. On June 6, 2011, the above styled and numbered Adversary Proceeding came before the court for Docket Call, having been previously set and notice of said setting having been provided by the court to the Plaintiff and Defendant pursuant to the Scheduling Order entered in this Adversary Proceeding. Plaintiff, Dealer Services Corporation, appeared through its attorney and announced ready to proceed. Defendant, Marcus A. Garza failed to appear in person or through his counsel in this proceeding and the court directed Plaintiff to submit a default judgment.

13. The foregoing statements of fact are based primarily on the record of this case and based on the assertions of Plaintiff's counsel in pleadings and argument along with exhibits filed in this Adversary Proceeding and the Chapter 7 case.

## II. CONCLUSIONS OF LAW

14. The court, considering the totality of the circumstances and acts of disobedience of the Defendant recited herein, issues its following conclusions of law.

15. Defendant's failure to appear at Docket Call as directed by the terms of the Scheduling Order without just cause or excuse is a violation of Rule 16(f)(1)(A) of the Federal Rules of Civil Procedure ("FRCP") for which the appropriate sanction is entry of a default judgment in favor of the Plaintiff.

16. Defendant has violated the provisions of Rule 37(b), FRCP, for his failure to comply with this court's Order Compelling Discovery without just cause or excuse and which violation is continuing.

17. The court finds the Defendant's violation of this court's Order Compelling Discovery and Rule 37(b), FRCP, to be willful and without just cause.

18. The court, having considered the Defendant's willful violation of the court's Order Compelling Discovery and his prior obstruction of discovery and violation of Rule 37(b), FRCP, during the discovery phase of this Adversary Proceeding in light of the purposes of discovery sanctions, finds that the least severe sanctions available to meet those purposes are those sanctions afforded under Rule 37(b)(2)(A), which will be ordered and decreed in the court's order entered on the "Motion of Plaintiff for Discovery Sanctions" [DOC. NO. 24] entered hereinafter, including:

(a.) directing that the facts asserted within Plaintiff's Complaint be taken as established for purposes of the action;

(b.) prohibiting the Defendant from presenting evidence supporting defenses asserted in his Answer and presenting evidence opposing facts and claims asserted by Plaintiff in its Complaint,;

(c.) the entry of a default judgment against Defendant granting the relief prayed for by Plaintiff in its Complaint, and

The court finds that there is no lesser sanction available which will adequately and effectively enforce compliance with the discovery rules of this court and maintain a credible deterrent to other potential violators.

19. With respect to Counts I, II and III of the Complaint, the court finds with respect to the total Judgment Amount owed by Defendant to Plaintiff under the Judgment, as follows: Forty-Seven Thousand, Five Hundred Nineteen and 88/100 Dollars ($47,519.88) is non-dischargeable debt under §§523(a)(4) and (a)(6) of the Code with respect to Counts I and II of the Complaint, and, in addition, with respect to Count III of the Complaint, the court finds that of the total Judgment Amount owed by Defendant to Plaintiff under the Judgment, the additional sum of $20,380.00 is non-dischargeable debt under §§523(a)(6) of the Code for a combined sum of $67,899.88 plus interest, costs and fees, as non-dischargeable debt under §523(a) of the Code.

**20.** A judgment will be entered by the court in favor of Plaintiff in accordance with these findings of fact and conclusions of law.

# # #

**EXHIBIT - A**

State of Indiana, Marion County, ss:

I, GERALD S. ZORE, JUDGE, sole judge of the MARION SUPERIOR COURT D07, CIVIL DIVISION in the State of Indiana, do hereby certify that the foregoing attestation and certificate of ELIZABETH L. WHITE, Clerk, is in due form of law, and that the said ELIZABETH L. WHITE is and at the time of the making of said certificate and attestation, was the clerk of said MARION SUPERIOR COURT D07, CIVIL DIVISION, in the said State, and is, and at the same time was, the proper officer to make such attestation and certificate, and that her signature thereto is genuine, and that as such Clerk she is the sole custodian of the papers, documents, records and seal pertaining to said Court.

Witness my hand and the seal of said Court, affixed at the City of Indianapolis, Indiana, on FEBRUARY 10, 2009.

_____
Judge, MARION SUPERIOR COURT D07, CIVIL DIVISION

================================================================

State of Indiana, Marion County, SS:

I, ELIZABETH L. WHITE, Clerk of the MARION SUPERIOR COURT D07, CIVIL DIVISION, in the State of Indiana, do certify that GERALD S. ZORE, JUDGE whose signature appears to the foregoing certificate, is, and was at the time of signing said certificate, the sole Judge of said Court, duly commissioned and qualified, in accordance with the laws of the State of Indiana.

In Testimony whereof, I have hereunto set my hand and affixed the seal of said Court at the City of Indianapolis, Indiana, on FEBRUARY 10, 2009.

_____
ELIZABETH L. WHITE, CLERK OF MARION COUNTY

STATE OF INDIANA        )                IN THE MARION SUPERIOR COURT
                        )SS:
COUNTY OF MARION        )                CAUSE NO.: 49D07-0811-CC-050488


DEALER SERVICES CORPORATION,          )
                                      )
            Plaintiff,                )
      v.                              )          FILED
                                      )
LIBERTY PRE-OWNED CARS & TRUCKS, L.L.C.,)  (207)  JAN 23 2009
MARCUS ANTONIO GARZA, and             )
LAURA ANN GARZA,                      )          Elizabeth L. White
                                      )          CLERK OF THE MARION CIRCUIT COURT
            Defendants.               )


## ENTRY OF DEFAULT JUDGMENT AGAINST MARCUS ANTONIO GARZA

This matter came before the Court on the Motion for Entry of Default Judgment against Marcus Antonio Garza (the "Defendant") and supporting affidavits filed by Plaintiff, Dealer Services Corporation ("DSC"), and the Court, having read and considered the same, now FINDS that:

1. The Defendant was properly served in this Cause.

2. The Defendant has failed to answer or otherwise respond to the Complaint as required by law.

3. Plaintiff DSC is entitled to a judgment by default on Count II of the Complaint pursuant to Indiana Trial Rule 54.

4. There is no just reason for delay, and judgment shall be and hereby is directed against defendant Marcus Antonio Garza.

5. An appeal may be taken upon the issues resolved by this judgment.

IT IS THEREFORE ORDERED THAT JUDGMENT BY DEFAULT IS HEREBY ENTERED in favor of Dealer Services Corporation as follows:

   (a)   Judgment is entered in favor of Dealer Services Corporation and against Marcus

Antonio Garza for breach of guaranty in the amount of Ninety-seven Thousand, Eight Hundred Forty-five and 74/100 Dollars ($97,845.74), plus: (i) interest on the unpaid balance as provided under the Loan Documents, as that term is defined in the Complaint, until entry of judgment, and post-judgment interest thereafter at the highest rate provided by law until paid, (ii) costs of collection, including, but not limited to, court costs, sale costs, and title search fees, and (iii) all other expenditures necessary to preserve and maintain the Collateral (as that term is defined in the Complaint);

(b) DSC have and recover its fees, advances, costs, and expenses, including costs incurred in connection with the Loan Documents;

(c) The security interest created by the Loan Documents is hereby adjudged to constitute a valid and enforceable lien against the Collateral to secure the entire amount due and payable to DSC under the Loan Documents;

(d) The lien against the Collateral is hereby foreclosed as against the Defendant and any and all persons claiming from, under, or through him, and the Defendant is forever barred and foreclosed of all right, title, interest, estate or equity or right of redemption in or to the Collateral; and

(e) The Collateral shall be sold by the Sheriff, in the manner provided by law, without relief from valuation or appraisement laws, and the proceeds of such sale shall be applied as follows: (i) to the costs of this action and such sale, (ii) to satisfaction of the judgments entered in this action in against the Defendant, and (iii) the balance, if any, to be paid to the Clerk of Court for the use and benefit of those rightfully entitled thereto, pursuant to Ind. Code §32-30-10-14.

Date: 1-23-09

Judge, Marion Superior Court

Distribution:

John C. Wick
1320 City Center Drive, Suite 100
Carmel, IN 46032

Liberty Pre-Owned Cars & Trucks, L.L.C.
c/o Nellie Garza, Its Registered Agent
3906 Crestridge
San Antonio, Texas 78229

Marcus Antonio Garza
3906 Crestridge
San Antonio, Texas 78229

Laura Ann Garza
3906 Crestridge
San Antonio, Texas 78229

# EXHIBIT - B

| Stock # | Date Floored | Vehicle Description | VIN | Original Amount Advanced | Principal Balance Remaining |
|---|---|---|---|---|---|
| 545 | 2/29/2008 | 2006 Ford F150 XLT | 1FTRW12W76KB41805 | $ 11,805.00 | $ 5,700.12 |
| 595 | 5/16/2008 | 2000 Ford Excursion XLT | 1FMNU40S1YEE00677 | $ 4,050.00 | $ 3,184.31 |
| 605 | 6/6/2008 | 2004 Acura TL | 19UUA66254A021017 | $ 13,700.00 | $ 10,771.63 |
| 608 | 6/6/2008 | 2005 Nissan Titan LE | 1N6BA07A35N542057 | $ 13,000.00 | $ 10,221.25 |
| 609 | 6/6/2008 | 2005 Chrysler Crossfire | 1C3AN65L45X032271 | $ 14,000.00 | $ 11,007.50 |
| 619 | 6/20/2008 | 2004 Ford F150 STX | 1FTRX12W94NC18408 | $ 7,000.00 | $ 1,925.43 |
| 620 | 6/20/2008 | 2004 Ford F150 Heritage XLT | 2FTRX17224CA44712 | $ 5,990.00 | $ 4,709.64 |
| | | | TOTAL: | $ 69,545.00 | $ 47,519.88 |